FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 MAR 26 PM 4:07

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| VENETIA MANN, individually and on behalf of others similarly situated, | } } } |
| Plaintiff, | } } |
| v. | } CASE NO. CV 98-B-0411-S } } |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | } } } |
| Defendant. | } |

ENTERED

MAR 26 1999

## MEMORANDUM OPINION

This case is before the court on plaintiff's Motion to Remand and plaintiff's Motion to Strike Portions of Defendant's Opposition to Motion to Remand. Upon consideration of the record, the argument of counsel, the submissions of the parties, and the relevant law, the court finds that plaintiff's Motion to Remand is due to be denied.

### FACTUAL SUMMARY

Plaintiff Venetia Mann ("plaintiff") originally filed this action on January 22, 1998, as a putative class action in the Circuit Court of Shelby County, Alabama. On February 20, 1998, defendant Nationwide Mutual Fire Insurance Company ("defendant") removed the case to this court on the basis of diversity jurisdiction. Plaintiff is a citizen of Alabama and defendant is a Ohio corporation with its principal place of business in Ohio. (Def. Notice of Removal ¶ 5).

Plaintiff alleges fraud, concealment, suppression of truth and material fact, breach of contract, and conspiracy, on the part of defendant and seeks compensatory damages for herself and the class she purports to represent. (Pl.'s Compl.). Plaintiff's Complaint does not claim a

1

specific amount of damages, but does contain the following:

> This is an action brought as a class action pursuant to Alabama Rules of Civil Procedure 23(b)(2) and (b) (3). The claims in this action are brought strictly under state law. The plaintiff and Class seek no punitive damages and the Plaintiff hereby asserts that her claim and the claims of each member of the class has a value of less than $75,000 including interest, costs, and attorney's fees. Accordingly, the Class hereby waives any claim for any value greater than $75,000.

(Pl's Compl. ¶ 3). According to defendant, the putative class defined by plaintiff includes 155,580 members in Alabama alone. (Aff. of Chris Upshaw; Def. Br. in Opp. M. Remand at 9).

## DISCUSSION

A case may be removed to federal district court by defendants in the action if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be based on a federal question or diversity. A federal court has diversity jurisdiction over an action if the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Additionally, if removal is premised upon diversity jurisdiction, none of the defendants in the action may be citizens of the forum state for the action to be removable.

In the present case, it is not disputed that the parties are citizens of different states. Plaintiff's challenge to the court's jurisdiction is based on the amount in controversy. In support of her Motion to Remand, plaintiff argues that (1) there is no jurisdiction under 28 U.S.C. § 1332 because the amount in controversy does not exceed $75,000; and (2) the waiver of punitive damages by plaintiff is not unauthorized and does not establish an amount in controversy to exceed $75,000. Defendant asserts in opposition to the Motion to Remand that (1) the circumstances of this case allow the attorney's fees to be allocated to plaintiff alone because

plaintiff is the wife of Teddy Mann, whose firm represents the plaintiff in the case; therefore, defendant argues that any award of attorney's fees will directly benefit her; (2) that attorney's fees should be aggregated for purposes of determining the amount in controversy; (3) that the court should ignore plaintiff's waiver of punitive damages; and (4) that the expense of sending the notice out to all potential class members, under Rule 23(b)(3) should be included in determining the amount in controversy. Since the court finds that the issue of aggregating attorney's fees is dispositive of this Motion, the court will only address that issue.

The issue before the court is whether or not attorney fees paid from a common fund may be considered in the aggregate when determining the amount in controversy. Plaintiff's Complaint specifically limits each individual compensatory award to $75,000 per plaintiff and waives any claim for punitive damages. Defendant alleges and has offered evidence that the aggregate amount of attorney's fees will exceed $75,000 if plaintiff and the class recover at all, given the size of the class she purports to represent. (Aff. of Robert H. Rutherford, Jr.; Def. Br. in Opp. M. Remand at 5,8). If not aggregated, the attorney fees per class member would presumably not exceed the $75,000 threshold.

The Eleventh Circuit has concluded that punitive damages available under Alabama Law may be aggregated for purposes of satisfying the amount in controversy requirement for federal diversity jurisdiction. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1358-59 (11th Cir. 1996). This court has concluded in the past, as have other district courts in this circuit, that attorney's fee awards in class actions should also be aggregated for purposes of determining the requisite amount in controversy for diversity jurisdiction. *Davis v. Carl Cannon Chevrolet-Old, Inc.*, 97-P-2889-J (N.D. Ala. Feb. 20, 1998); *Culverson v. General Motors Acceptance Corp.*,

3

96-B-3331-J (N.D. Ala Sept. 30, 1997);[1] *Howard v. Globe Life Ins. Co.*, 973 F. Supp 1412, 1419-21 (N.D. Fl. 1996).

The court notes that the Eleventh Circuit Court of Appeals has accepted an interlocutory appeal in *Davis* to determine if attorney's fees in class actions may be aggregated for the purpose of determining whether the requisite amount in controversy exists for diversity jurisdiction. Although plaintiff in this case and plaintiffs in other cases have made persuasive arguments that this court should reconsider its decision in *Culverson*, the court has determined to await the Eleventh Circuit's decision in *Davis*. Thus, this court again concludes that the analysis in *Tapscott* is applicable to attorney's fee awards in class actions.

In this case, even though the compensatory damages by each class member would not likely satisfy the jurisdictional amount, and plaintiff has expressly waived any punitive damage claims, a successful suit by a purported 155,580 member class would certainly result in a fee greater than $75,000 for the attorneys. Thus, through application of the reasoning of *Tapscott* and the opinion of this court in *Culverson*, the court will deny the plaintiff's motion to remand.

As a final matter, plaintiff's have moved to strike defendant's Opposition to Motion to Remand on the ground that because defendant did not mention attorneys' fees in its Notice of Removal as a basis for satisfying the jurisdictional amount in controversy, it is now precluded from asserting this ground. The court agrees with the defendant that no amendment to the Notice of Removal was required to be filed because defendant has not changed the ground on which the case was removed, i.e., diversity jurisdiction. Therefore, plaintiff's Motion to Strike will be denied.

---

[1] A copy of the Memorandum Opinion entered by the court in *Culverson* is attached to this Opinion.

## CONCLUSION

Based on the foregoing, plaintiff's Motion to Remand and Motion to Strike are due to be denied. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 26th day of March, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge

5